UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMZA JANAH, as owner of fast9 LLC,<br>Plaintiff,<br>-against-<br>NEW YORK CORRESPONDENT BANKS & INTERMEDIARY CLEARING INSTITUTIONS,<br>Defendants. | 26-CV-5413 (LTS)<br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Hamza Janah filed this action *pro se*, on behalf of his corporation fast9 LLC (“fast9”). Plaintiff signed the complaint, in the name of fast9, but did not pay the $405.00 in fees to initiate a new civil action or submit an application to proceed *in forma pauperis* (“IFP”). For the reasons discussed in this order, the Court dismisses without prejudice the claims asserted by fast9.

**DISCUSSION**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, request authorization to proceed IFP that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Only a natural person, however, can proceed IFP—an entity like fast9 cannot. Though Hamza Janah named himself as a Plaintiff and signed the complaint, he does not assert any claims on his own behalf, only those of his business. (ECF 1.) *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

Moreover, an entity like fast9 cannot proceed without counsel. *See, e.g.*, *Jones v. Niagara*

*Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Accordingly, the Court dismisses any claims filed on behalf of fast9 without prejudice to that entity proceeding with this action with counsel and with the payment of the fees.

**CONCLUSION**

The Court dismisses the claims filed on behalf of fast9 without prejudice to this entity proceeding with this action with counsel and with the payment of the fees.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated: July 24, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge